17-1556
In re Feige Zaretsky

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges*,
LEWIS A. KAPLAN,
*District Judge.*\*

_____

IN RE FEIGE ZARETSKY,

*Debtor*.

_____

FEIGE ZARETSKY,

*Debtor-Appellant*,

v.                                                                          No. 17-1556-bk

HAROLD ZARETSKY, ELLIOT ZARETSKY,
*Appellees*.

_____

_____

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:                                    Feige Zaretsky, *pro se*, Brooklyn, New York.

FOR APPELLEES:                                    Lawrence F. Morrison, Morrison Tenenbaum PLLC, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2017, is AFFIRMED.

Feige Zaretsky, proceeding *pro se*, appeals from the district court's affirmance of an October 28, 2015 bankruptcy court order clarifying that, upon dismissal of Zaretsky's Chapter 13 bankruptcy petition, a "mark[ed] off" state court action by Zaretsky's former husband (the "Adversary Proceeding") was, indeed, remanded to the state court. The clarification had been sought by Zaretsky's husband because Zaretsky had argued to the state court that the Adversary Proceeding was never remanded. In affirming the clarification, the district court concluded that Zaretsky had opposed such action on the ground that her former husband's motion was untimely. Thus, she had forfeited other challenges to remand. *See In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (declining to consider argument not raised in bankruptcy court even when argument was raised in district court). When a district court functions as an intermediate appellate court in a bankruptcy case, we conduct a plenary review of its decision, assessing legal

2

conclusions *de novo* and factual findings for clear error. *See In re N. New Eng. Tel. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015). In conducting such review here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In disputing forfeiture, Zaretsky points to a letter she wrote to the state court, appended by her former husband to his clarification motion, and to her August 6, 2015 motion seeking injunctive relief from the bankruptcy court, which motion was filed approximately five months after her opposition to the clarification motion. The argument fails because local bankruptcy rules require responses to written motions to "state the factual grounds upon which relief is opposed, and the legal authorities" that support that position, "either in the response or in a separate memorandum of law." E.D.N.Y. Local Bankr. R. 9013-1(b). Neither of the cited documents satisfies this requirement. As the district court correctly determined, in her March 25, 2015 declaration opposing clarification, Zaretsky argued that her former husband's motion was untimely, not that the circumstances did not otherwise warrant remand. Thus, the district court did not err in concluding that Zaretsky's remand challenges were forfeited except as to timeliness. *See id.* (stating that failure to comply with Rule 9013-1(b) "may be grounds to strike the response or to grant the motion by default").[1]

---

[1] By failing to raise timeliness in her brief on appeal, Zaretsky has abandoned the argument. *See Higazy v. Templeton*, 505 F.3d 161, 168 n.7 (2d Cir. 2007) ("An argument or an issue that is not raised in the appellate brief may be considered abandoned.").

We decline to exercise our discretion to consider Zaretsky's forfeited challenges because it is not apparent that an "obvious injustice" will otherwise occur. *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). The state court continues to provide a forum for the parties to litigate the merits of their claims, and additional fact finding would be necessary on Zaretsky's assertions about what was or was not mailed to the state court.

We have considered Zaretsky's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4